UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY L.R.,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations of<br>Social Security Administration,<br><br>Defendant. | Case No. ED CV 16-1279-SP<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## **INTRODUCTION**

On June 16, 2016, plaintiff Mary L.R. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

1

Plaintiff presents one issue for decision – whether the Administrative Law Judge ("ALJ") properly considered plaintiff's credibility. Plaintiff's Memorandum in Support of Plaintiff's Complaint ("P. Mem.") at 5-11; Memorandum in Support of Defendant's Answer ("D. Mem.") at 1-9.

Having carefully studied the parties' written submissions, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ did not err. Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was forty-nine years old on her alleged disability onset date, has a high school education. AR at 45, 71. Plaintiff also once reported she was certified as a nursing assistant in 1982. *Id.* at 250. Plaintiff has past relevant work as a children's institution attendant, home attendant, medical assistant, and cashier. *Id*. at 66.

On November 25 and 27, 2013, plaintiff filed applications for SSI and DIB due to carpal tunnel syndrome in both hands, hyperthyroidism, and high blood pressure. *Id*. at 71-72, 79-80. The applications were denied initially and upon reconsideration, after which plaintiff filed a request for a hearing. *Id*. at 104-07, 116-28.

Plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ on January 30, 2015. *Id*. at 39-57. Determining there was insufficient medical evaluation concerning the degree of plaintiff's symptoms, the ALJ continued the hearing in order for a neurologist to examine plaintiff. *See id*. at 51, 54-56. On September 4, 2015, plaintiff appeared and testified at a supplemental hearing before the ALJ. *Id*. at 58-70. The ALJ also heard testimony from Aida Worthington, a vocational expert. *Id*. at 65-69. On September 14, 2015, the ALJ

denied plaintiff's claims for benefits. *Id*. at 27-33.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since July 27, 2012, the alleged onset date.[1] *Id.* at 29.

At step two, the ALJ found plaintiff suffered from the following severe impairments: bilateral carpal tunnel syndrome and obesity. *Id.*

At step three, the ALJ found plaintiff's impairments, whether individually or in combination with other impairments, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). *Id.* at 30.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[2] and determined she had the RFC to perform light work with the limitations that she: could frequently perform postural activities; could frequently, but not constantly, perform fine/gross manipulation, bilaterally; and was precluded from ladders, scaffolds, ropes, unprotected heights, and dangerous machinery. *Id.*

The ALJ found, at step four, that plaintiff could perform her past relevant work as a medical assistant. *Id*. at 32-33. Consequently, the ALJ concluded plaintiff did not suffer from a disability as defined by the Social Security Act. *Id.* at 33.

---

[1] Plaintiff testified that, after stopping work in July 2012, she worked as a cashier from March 2013 until she was laid off in October 2013. *See* AR at 43, 61. The ALJ did not explain why he found plaintiff had not engaged in substantial gainful activity from March 2013 through October 2013.

[2] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. *Id.* at 1-3. The ALJ's decision stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir.

1992)).

## IV.

## **DISCUSSION**

Plaintiff argues the ALJ failed to properly consider her credibility. P Mem. at 5-11. Specifically, plaintiff contends the ALJ failed to provide clear and convincing reasons for finding plaintiff's testimony concerning her pain and symptoms to be not credible. *Id*.

Plaintiff provided information concerning her symptoms and limitations at the two hearings, in a Function Report, and in a Pain Questionnaire. At the hearings, plaintiff testified that right hand pain prevented her from working. AR at 45. Plaintiff testified that due to the pain, which would radiate from her fingertips to her shoulder and back, she needed to sit and had trouble gripping items. *Id*. at 47, 52, 64. Plaintiff further testified she could drive with difficulty, but needed help dressing, cooking, doing laundry, and grocery shopping. *Id*. at 47-50. Plaintiff stated her physician recommended surgery but the insurance would not approve it. *See id*. at 45-46, 49. Plaintiff also informed the ALJ she had been taking care of her four-year-old granddaughter since she was four months old. *Id*. at 49-50. In the Function Report, dated February 18, 2014, plaintiff reported that, due to her pain, she required someone to help her dress herself and her "baby," comb their hair, take care of her children, bathe, prepare meals, and do housework. *See id*. at 282-84. Plaintiff stated she could only walk about fifteen to twenty minutes at a time before requiring thirty minutes of rest, prepared meals three times a day, watched television, and read. *Id.* at 284, 286-87. In the Pain Questionnaire, dated February 19, 2014, plaintiff represented that she could only walk a short distance, and stand and sit for fifteen to twenty minutes at a time. *Id*. at 292.

An ALJ must make specific credibility findings, supported by the record. Social Security Ruling ("SSR") 96-7p. To determine whether testimony

5

concerning symptoms is credible, an ALJ engages in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, an ALJ must determine whether a claimant produced objective medical evidence of an underlying impairment "'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if there is no evidence of malingering, an "ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *accord Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014). An ALJ may consider several factors in weighing a claimant's credibility, including: (1) ordinary techniques of credibility evaluation such as a claimant's reputation for lying; (2) the failure to seek treatment or follow a prescribed course of treatment; and (3) a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Bunnell*, 947 F.2d at 346-47.

At the first step, the ALJ here found plaintiff's medically determinable impairments could not reasonably be expected to cause the symptoms alleged. AR at 31. Although the ALJ did not expressly find plaintiff was a malingerer, he found that the inconsistency of plaintiff's alleged symptoms with the objective medical evidence and daily activities indicated she exaggerated the severity of her symptoms. *Id.* Because the ALJ did not make an express finding of malingering, however, the ALJ was required, at the second step, to provide clear and convincing reasons for discounting plaintiff's credibility. The ALJ provided three reasons for finding plaintiff less than fully credible: (1) the alleged limitations were inconsistent with the objective medical evidence; (2) the alleged limitations were inconsistent with her daily activities; and (3) she made inconsistent statements. *Id.* These reasons were clear and convincing and supported by substantial evidence.

The ALJ's first reason for discounting plaintiff's credibility was her alleged limitations were inconsistent with the objective medical evidence. *Id*.; *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (lack of corroborative objective medical evidence may be one factor the ALJ considers in evaluating credibility). The record shows plaintiff suffered from carpal tunnel syndrome, but there was no evidence of debilitating pain in her hands or elsewhere as plaintiff alleged.

Examinations in 2013 and 2014 revealed plaintiff had subjective tenderness, intact range of motion, and positive Tinel's sign and Phalen's test on the right hand/wrist, as well as full motor strength and range of motion in the upper extremities and spine. *See* AR at 339, 344, 396, 411, 418, 422. A May 27, 2014 electromyogram ("EMG") was normal, and a nerve conduction velocity ("NCV") study of the same date showed median sensory motor demyelinating neuropathy at the right wrist consistent with carpal tunnel syndrome. *Id*. at 400. At a March 2015 neurological evaluation, Dr. Xiao-Quan Yuan, observed plaintiff had a hand grip strength of 20, 20, 20 on both sides, no tenderness in the spine, normal range of motion in the spine and extremities, motor strength of 5/5 in the extremities, reduced sensation, and a steady gait.[3] *Id.* at 432-33. Although Dr. Yuan diagnosed plaintiff with bilateral carpal tunnel syndrome, he found she had no manipulative limitations. *Id.* at 433. He also found no sitting, standing, and walking limitations whatsoever, and did not find the degree of lifting and carrying limitations plaintiff alleged. *See id.* Thus, substantial evidence supported the ALJ's finding that plaintiff's was less credible because her testimony of severe pain radiating from her fingertips to her shoulders and back was inconsistent with the objective

---

[3] Based on a review of the EMG/NCV study and his own examination, Dr. Yuan opined plaintiff had the RFC to lift and carry twenty pounds occasionally and ten pounds frequently with no other limitations. AR at 433.

7

medical evidence.[4]

The ALJ's second reason for finding plaintiff not fully credible was her daily activities were inconsistent with her alleged limitations and reflected an ability to work. *Id*. at 31. Inconsistency between a claimant's testimony and conduct may be a clear and convincing reason to discount her testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). A claimant does not need to be "utterly incapacitated." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). "[T]he mere fact a [claimant] has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). But conduct which reflects a higher level of functionality than alleged or an ability "to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting" may be sufficient to discredit a claimant. *Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999).

The ALJ found that contrary to plaintiff's allegations of severe lifting, sitting, standing, and walking limitations, plaintiff was able engage in a "rather normal level of everyday activities," noting plaintiff could do some cooking, grocery shopping, driving, and socializing. *See id*. at 31. The ALJ failed to acknowledge that plaintiff reported she required assistance to do most of these tasks. *See id*. at 282-85. Moreover, the ability to perform most of these tasks was not necessarily inconsistent with plaintiff's alleged limitations. Nevertheless, notwithstanding the alleged help with dressing and hair combing, plaintiff's ability to act as a daily caretaker to her young granddaughter was inconsistent with

---

[4] Although the ALJ found plaintiff not fully credible, the ALJ still took into consideration her subjective complaints. In reaching his RFC, the ALJ only gave some weight to Dr. Yuan's opinion and found greater limitations than Dr. Yuan opined. *See* AR 30, 32.

8

plaintiff's alleged limitations. The ALJ reasonably determined the physical and mental capabilities required to take care of her grandchild were greater than plaintiff's alleged limitations and were transferable to a work setting.[5] As such, substantial evidence supported part of the ALJ's finding that plaintiff's alleged limitations were inconsistent with her daily activities.

Finally, the ALJ discounted plaintiff's credibility because she made inconsistent statements. *Id*. at 31; *see Tommasetti*, 533 F.3d at 1039. The ALJ noted plaintiff testified that had not undergone hand surgery because the insurance company would not approve it. AR at 46, 49. But in July and September 2014, plaintiff reported to Dr. Shahida Baig that she wanted disability, not surgery. *Id*. at 407, 415. The ALJ reasonably interpreted plaintiff's comments as contradicting plaintiff's testimony about her desire for surgery.[6] *See id*. at 46.

Accordingly, the ALJ properly considered plaintiff's credibility, citing three reasons for finding plaintiff less credible that, taken together, were clear and convincing and supported by substantial evidence.

//

//

---

[5] Indeed, in addition to plaintiff acting as a caretaker to her grandchild, in September 2012, after the alleged onset of disability date, plaintiff got a tuberculosis test in order to volunteer at a daycare. *See* AR at 367. The extent of plaintiff's volunteer work is unknown.

[6] Plaintiff made additional inconsistent statements the ALJ did not mention in his decision. Most significantly, plaintiff testified she stopped working in October 2013 because she was laid off. AR at 43, 61. But in a Disability Report she reported she stopped working in October 2013 because of her condition. *See id*. at 249.

## V.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: June 26, 2018

SHERI PYM
United States Magistrate Judge